IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, | No. C 18-6350 WHA (PR) |
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |
| v. | |
| SCOTT KERNAN; JEFFREY BEARD; GEORGE GIURBINO; SUSAN HUBBARD; KELLY HARRINGTON; KATHLEEN ALLISON; J. MCLAUGHLIN; M. RUFF; C. PARIS; J. PRELIP; D. ROTHCHILD; J. ROBERTSON; B. MOAK; C.E. DUCART; C. PFEIFFER; A. ALAFA; MARTINEZ; HIGHTOWER; MANUAL ORTIZ; HAMMER; SPEIDEL; STEBBINS; VARGAS; M. RUSSELL; J. FALLIS; J. FRISK; W. BLACK; DOES 1-10, | |
| Defendants. | |

Plaintiff, a California state prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is the lead plaintiff in the class-action lawsuit *Ashker v. Brown*, No. C 09-5796 CW (N. D. Cal. filed 2009), in which California inmates claimed that their assignment to an indeterminate term in the Secured Housing Unit ("SHU") at Pelican Bay State Prison ("PBSP") violated their constitutional rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. On May 6, 2016, the clerk entered judgment in accordance with the Order Granting Final Approval of Class Action Settlement Agreement, which awarded class members declaratory and injunctive relief. In the instant lawsuit, plaintiff seeks money

1  damages, as well as declaratory and injunctive relief, from California prison officials for
2  violating his constitutional rights and breaching the *Ashker* settlement agreement when they
3  detained him in the SHU at PBSP from September 10, 2014, to February 11, 2016, and in the
4  Administrative Segregation Unit ("ASU") at Kern Valley State Prison ("KVSP") from May 1,
5  2017, to October of 2018.

6  Federal courts must engage in a preliminary screening of cases in which prisoners seek
7  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
8  1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
9  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
10 monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro
11 se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
12 (9th Cir. 1990).

13 Plaintiff's claims for declaratory and injunctive relief arising from his confinement in
14 the PBSP SHU must also be dismissed.  An individual's claims for injunctive and equitable
15 relief from allegedly unconstitutional prison conditions must be dismissed when it duplicates an
16 existing class action's claims and prayer for relief.  *See Pride v. Correa*, 719 F.3d 1130, 1133
17 (9th Cir. 2013).  Plaintiff's claims for declaratory and injunctive relief arising from his
18 placement in the PBSP SHU duplicate the claims in the class action and fall within the ambit of
19 the settlement agreement.  Accordingly, such claims are **DISMISSED** without prejudice to
20 bringing them in the class action through class counsel.  Plaintiff's claims for breach of the
21 settlement agreement and seeking to enforce said agreement are also **DISMISSED** without
22 prejudice to bringing such claims in the class action through class counsel.

23 Plaintiff may, however, proceed in this action with his claims for damages arising from
24 his placement in the PBSP SHU and the ASU at KVSP.  A class action suit seeking only
25 declaratory and injunctive relief does not bar subsequent individual damage claims by class
26 members, even if based on the same events.  *See Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir.
27 1996).  The Complaint will consequently be ordered served based upon these damages claims.
28

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants **Jeffrey Beard, Scott Kernan, George Giurbino, Susan Hubbard Kelly Harrington, Kathleen Allison, J. McLaughlin, M. Ruff, C. Paris, J. Prelip, D. Rothchild, J. Robertson, and B. Moak** at the **California Department of Corrections and Rehabilitation in Sacramento, California**; **Warden C. E. Ducart, Vargas, M. Russell, J. Fallis, J. Frisk, and W. Black** at **Pelican Bay State Prison;** and **Warden C. Pfeiffer, Lt. R. Molina, Sgt. A. Alafa, Capt. Martinez, Officer Hightower, Officer Manual Ortiz, Capt. Hammer, Lt. Speidel, Associate Warden Stebbins** at **Kern Valley State Prison.** A courtesy copy of the complaint with attachments and this order shall also be sent to the California Attorney General's Office.

2. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case:

    a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than **14 days** after the date of

1 service of the opposition.

2     d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e. Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

4. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: May 28, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.