United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, | No. C 18-6350 WHA (PR) |
| Plaintiff, | **ORDER GRANTING IN PART MOTION TO DISMISS; SEVERING AND TRANSFERRING CERTAIN CLAIMS TO THE EASTERN DISTRICT OF CALIFORNIA; ORDERING SERVICE OF ADDITIONAL DEFENDANTS; GRANTING EXTENSION OF TIME; DENYING APPOINTMENT OF COUNSEL** |
| v. | |
| SCOTT KERNAN; JEFFREY BEARD; GEORGE GIURBINO; SUSAN HUBBARD; KELLY HARRINGTON; KATHLEEN ALLISON; J. MCLAUGHLIN; M. RUFF; C. PARIS; J. PRELIP; D. ROTHCHILD; J. ROBERTSON; B. MOAK; C.E. DUCART; C. PFEIFFER; A. ALAFA; MARTINEZ; HIGHTOWER; MANUAL ORTIZ; HAMMER; SPEIDEL; STEBBINS; VARGAS; M. RUSSELL; J. FALLIS; J. FRISK; W. BLACK; S. ALFARO; C. GIPSON; R. DIAZ, | |
| | (Dkt. Nos. 23, 28) |
| Defendants. / | |

**INTRODUCTION**

      Plaintiff, a California prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983. Based upon a review of the Complaint under Section 1915A, certain claims were dismissed. Thereafter, plaintiff filed a First Amended Complaint ("FAC") (ECF No. 33). Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed an opposition, and defendants filed a reply brief. For the reasons discussed below, defendants' motion to dismiss is **GRANTED IN PART**, certain claims are severed and transferred to the Eastern District of California, certain other claims are dismissed, and the remaining defendants

1  are granted an extension of time to file their summary judgment motion.

**STATEMENT**

Plaintiff is the lead plaintiff in the class-action lawsuit *Ashker v. Brown*, No. C 09-5796 CW (N. D. Cal.), in which California inmates claimed that their assignment to an indeterminate term in the Secured Housing Unit ("SHU") at Pelican Bay State Prison ("PBSP") violated their constitutional rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. On May 6, 2016, the clerk entered judgment in accordance with the Order Granting Final Approval of Class Action Settlement Agreement, which awarded class members declaratory and injunctive relief. In the instant lawsuit, plaintiff seeks money damages from California prison officials for violating his constitutional rights and breaching the *Ashker* settlement agreement when they detained him in the SHU at PBSP from September 10, 2014, to February 11, 2016, and in the Administrative Segregation Unit ("ASU") at Kern Valley State Prison ("KVSP") from May 1, 2017, to the present.

**ANALYSIS**

**A.    STANDARD OF REVIEW**

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . . Factual allegations must be enough to raise a right to relief
2  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)
3  (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is
4  plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint
5  does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570;
6  *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

7  Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18
8  F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or
9  documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v.*
10 *County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take
11 judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R.
12 Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the
13 light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d
14 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are
15 merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

16 A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be
17 held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S.
18 at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the
19 complaint must be taken as true and construed in the light most favorable to the non-moving
20 party. *Symington*, 51 F.3d at 1484.

21 **B.    LEGAL CLAIMS**

22 Defendants argue that the claims arising from plaintiff's time in the ASU at KVSP are
23 not properly joined to the claims arising from his time in the SHU at PBSP because they are
24 against involve different defendants, facts, locations, and time periods. Defendants also argue
25 that claims against defendants Frisk and Beard should be dismissed for failure to state a
26 cognizable for a relief, and that defendants Martinez and Molina should be dismissed because
27 they were not included in the FAC. Finally, defendants seek screening of the claims against
28

3

three new defendants added to the FAC, Alfaro, Gipson and Diaz.

### A. UNDISPUTED DISMISSAL

Plaintiff agrees that the claims against Frisk should be dismissed as time-barred. He also does not dispute that the claims against Martinez and Molina should be dismissed because there are no claims or allegations against them in the FAC. Accordingly, the claims against these defendants will be dismissed.

### B. JOINDER

Defendants argue that plaintiff may not join the claims against KVSP officials arising from events that occurred at KVSP in the same lawsuit as the claims arising from events at PBSP. Claims against multiple defendants may be joined in one action only if "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's claims relating to his time at PBSP are based upon alleged events occurring there between September 2014 and February 2016 as follows. He claims that in four housing decisions at PBSP — dated September 10, 2014, September 17, 2015, October 8, 2015, and January 14, 2016 — officials used false confidential information as a pretext to keep him in segregated housing three times and once to move him to general population restricted status in the fourth decision. He alleges that PBSP officials checked on him every thirty minutes (as part of a court-mandated suicide watch program), which interfered with his sleep and concentration.

Plaintiff also brings claims arising from events that occurred at KVSP from May 2017 to the present. He claims that KVSP officials retaliated against him in a variety of ways because of his class-action lawsuit, *Ashker v. Brown*, No. C 09-5796 CW (N. D. Cal. 2009). He also

claims that the suicide watch protocol at KVSP was more problematic than at PBSP because the cells are more isolated.

The KVSP claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the PBSP claims. *See* Fed. R. Civ. P. 20(a)(2). The claims plainly do not arise from the same transaction or occurrence as they involve different locations, at different times, and by different people. There were unique facts and officials involved in the housing decisions and the suicide watch practices at PBSP that are distinct from the facts and officials involved in the allegedly retaliatory acts and the suicide watch practices at KVSP. The claims also do not arise from the same "series" of transactions or occurrences. There is no allegation of a policy or a continuos sequence of events spanning the two prisons that would suggest that the alleged violations at both places all were part of the same series of events. And while one of plaintiff does challenge the way that guards carried out the suicide watch at both places, which was by different people and in a different manner at each prison. Indeed, he alleges that these practices at KVSP were different, and worse, than those at PBSP because of the isolated nature of the KVSP cells. Because the KVSP claims and the PBSP claims do not arise from the same transactions or occurrences, or the same series of transactions or occurrences, they may not be joined into a single action under Rule 20.

Plaintiff argues that all of his claims concern the same series of transactions or occurrences because both his PBSP claims and his KVSP claims are similar to claims that he made in his prior class action. Any similarity between claims raised here and those from his prior lawsuit does not mean that all the claims raised here arose from a "series" of the same transactions or occurrences under Rule 20. Plaintiff's prior lawsuit has been ruled unrelated to the present action, however (ECF No. 24). The housing decisions that gave rise to his PBSP claims are not part of the same "series" of transactions or occurrences as the retaliatory acts that allegedly took place at KVSP and underlie his KVSP claims.

Plaintiff's claims against the KVSP officials do not concern or arise "out of the same transaction, occurrence, or series of transactions or occurrences" as his other claims, and they

are therefore not properly joined in this lawsuit under Rule 20.  Due to the possibility of prejudice from dismissing his claims against KVSP officials, those claims will instead be severed from this case and transferred to the Eastern District of California, the proper venue for such claims.

### C.    CLAIMS AGAINST BEARD

Defendants argue that the claims against Beard, the former Secretary of the CDCR, should be dismissed because he was not involved in violating plaintiff's rights.  Plaintiff asserts that Beard chose the protocol for suicide-watch from several options offered in the court-ordered settlement of plaintiff's prior lawsuit.  Plaintiff claims that officials violated his rights when they conducted suicide-watch by loudly banging on his cell door every thirty minutes, which disrupted his sleep.

Although Beard did not implement the protocol himself, and it is not clear that he took part in deciding how officers would check on inmates.  Plaintiff alleges, however, that he notified Beard of the sleep disruption and that Beard took no action.  In addition, it is possible that the evidence could show that the protocol itself proximately and inevitably led to officers implementing it in a manner that violated plaintiff's constitutional rights.  Consequently, plaintiff's allegations, when liberally construed in his favor, state a cognizable claim against Beard.

Defendants argue that they are entitled to qualified immunity on this claim.  They did not raise that argument until the reply brief, however, which means that plaintiff has not had an opportunity to address it.  The qualified immunity argument may be raised in Defendants' summary judgment papers, ordered below.

### D.    NEW DEFENDANTS

When liberally construed, the allegations in the FAC against the newly-named defendants S. Alfaro, C. Gipson, and R. Diaz are cognizable.  Service will be ordered upon them, below.

**CONCLUSION**

For the reasons set out above,

1. Defendants' motion to dismiss is **GRANTED IN PART**. The claims against defendants Martinez, Molina, and J. Frisk are **DISMISSED**.

2. The claims against **Warden C. Pfeiffer, Sgt. A. Alafa, Officer Hightower, Officer Manual Ortiz, Capt. Hammer, Lt. Speidel, and Associate Warden Stebbins** at **Kern Valley State Prison** are **SEVERED** and **TRANSFERRED** to the United States District Court for the Eastern District of California. The clerk shall send a copy of the First Amended Complaint and a copy of this Order to the Eastern District, where a new case will be opened for purposes of adjudicating the claims against these defendants.

3. The following defendants shall be served: S. Alfaro, C. Gipson, and R. Diaz at Pelican Bay State Prison.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the First Amended Complaint (ECF No. 33), this Order, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a

1  USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and
2  copies of this order, the summons and the operative complaint for service upon each defendant
3  who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR
4  Report of E-Service Waiver.

5        4. The remaining defendants **shall** file an answer in accordance with the Federal Rules
6  of Civil Procedure.

7        5. In order to expedite the resolution of this case:

8          a. No later than **91 days** from the date this order is filed, the remaining
9  defendants, including those who have been ordered served above, shall file a motion for
10 summary judgment or other dispositive motion.  If defendants are of the opinion that this case
11 cannot be resolved by summary judgment, they shall so inform the court prior to the date the
12 summary judgment motion is due.  All papers filed with the court shall be promptly served on
13 the plaintiff.

14         b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
15 court and served upon defendants no later than **28 days** from the date of service of the motion.
16 Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to
17 him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and
18 *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

19         c. Defendants **shall** file a reply brief no later than **14 days** after the date of
20 service of the opposition.

21         d. The motion shall be deemed submitted as of the date the reply brief is due.
22 No hearing will be held on the motion unless the court so orders at a later date.

23         e.  Along with his motion, defendants shall file proof that they served plaintiff
24 the *Rand* warning at the same time they served him with their motion.  Failure to do so will
25 result in the summary dismissal of their motion.
26 //
27 //
28

6. Plaintiff's motion for an extension of time to file an opposition to defendants' motion to dismiss is **Granted**. Plaintiff's motion for appointment of counsel is **Denied** because there are no extraordinary circumstances precluding plaintiff from representing himself; should that change, counsel may be appointed sua sponte.

IT IS SO ORDERED.

Dated: March __8__, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.