IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TODD ASHKER,**<br><br>            Plaintiff,<br><br>     v.<br><br>**C. PFEIFFER, et al.,**<br><br>            Defendants. | Case No. 1:21-cv-00423-NONE-EPG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO VACATE SETTLEMENT CONFERENCE ORDER**<br><br>(ECF No. 49) |

On April 30, 2021, the Court screened Plaintiff's first amended complaint, which had been severed and transferred to this district. The Court found Plaintiff's complaint failed to state any claims and granted Plaintiff leave to amend. (ECF No. 48).

Later the same day, Defendants, who are seven prison officials, filed a motion to vacate the Court's earlier order regarding an early settlement conference. (ECF No. 49). The Court's earlier order, entered March 17, 2021, required Defendants to participate in a settlement conference but permitted Defendants to opt-out of the settlement conference by filing a notice to that effect. (ECF No. 40). It also required the parties to exchange certain documents if a settlement conference goes forward. (*Id.* at 2). Defendants argue that because there is no operative complaint in this matter, the settlement conference order is premature. (ECF No. 49 at 3-4).

///

The Court will permit grant Defendants' motion to the extent they wish to opt out of the settlement conference. Because they do not need to file a motion vacating the Court's earlier order, the Court will deny Defendants' motion to the extent it seeks to vacate the Court's previous order. The Court may elect to order the parties to attend a settlement conference at a later time.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion (ECF No. 49) to vacate the Court's settlement conference order is GRANTED IN PART AND DENIED IN PART. The parties are not required to participate in a settlement conference at this time. The Court may order a settlement conference at a later time.[1]

IT IS SO ORDERED.

Dated: __**April 30, 2021**__   /s/ *Eric P. Grosj*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants' assertion that "there is no operative complaint," is incorrect. Plaintiff's first amended complaint remains the operative pleading and it has not been dismissed. Rather, in the screening order, (ECF No. 48), the undersigned found that Plaintiff failed to state any claims in the first amended complaint and granted Plaintiff with leave to amend. If Plaintiff wishes to, he may stand on his complaint. In that case, the undersigned will issue findings and recommendations consistent with the screening order. A district judge will review those findings and recommendations. If the district judge agrees, then the district judge may dismiss Plaintiff's first amended complaint. Until then, or until Plaintiff files a second amended complaint, Plaintiff's first amended complaint remains the operative pleading in this case.