UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　Defendants. | No. 1:21-cv-00423-NONE-EPG (PC)<br><br>ORDER MODIFYING APRIL 30, 2021 SCREENING ORDER<br><br>45-DAY DEADLINE FOR PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT OR NOTICE TO STAND ON HIS FIRST AMENDED COMPLAINT<br><br>(ECF No. 48) |

Plaintiff Todd Ashker is a state inmate proceeding *pro se* in this breach-of-contract and civil rights action pursuant to 42 U.S.C. § 1983. In light of the Northern District of California's recent denial of Plaintiff's motion to reconsider the transfer of claims and defendants, and the Norther District of California's transfer of additional claims and defendants to this district, the Court will give Plaintiff forty-five days from the date of service of this order to file a second amended complaint or a notice that he wishes to stand on his first amended complaint.

I.　　BACKGROUND

The operative complaint is the first amended complaint (FAC), originally filed September 2, 2020, (ECF No. 43),[1] and which was transferred to this district on March 15, 2021 from the Northern District of California. (ECF Nos. 37, 38). While the FAC contains allegations arising

---

[1] A redacted copy of the first amended complaint has been filed at ECF No. 32.

1

1  from two prisons, Pelican Bay State Prison (PBSP) and Kern Valley State Prison (KVSP), the
2  Northern District of California initially transferred claims concerning Plaintiff's treatment by
3  Defendants Warden C. Pfeiffer, Sgt. A. Alafa, Officer Hightower, Officer Manuel Ortiz, Captain
4  Hammer, Lt. Speidel, and Associate Warden Stebbins, who are prison officials at KVSP, after
5  Plaintiff filed a class-action lawsuit concerning the conditions at PBSP. (ECF No. 37).
6        Defendants filed a motion that requested that this Court screen the FAC on March 26,
7  2021, (ECF No. 42), which the Court granted, (ECF No. 44). The Court screened the FAC on
8  April 30, 2021, finding that it failed to state any cognizable claim. (ECF No. 48). Specifically, the
9  Court noted that the 132-page FAC violated Rule 8 of the Federal Rules of Civil Procedure
10  because it did not include a short and plain statement of a claim but presented an extended
11  chronical of seemingly disparate events and included allegations against defendants who were not
12  before the Court. Moreover, the Court concluded that Plaintiff had misjoined parties under Rule
13  20 by including many disparate events at different times and places, with matters further being
14  confused by Plaintiff's ambiguous allegations as to what defendant was being sued under which
15  claim.
16        Plaintiff was given a choice on how to proceed. Plaintiff could file an amended complaint
17  if he believed that additional true factual allegations would state cognizable claims. Alternatively,
18  Plaintiff could choose to stand on his complaint subject to the Court issuing findings and
19  recommendations to a district judge consistent with the order. The Court gave him 60 days from
20  the date of service of the order to file a second amended complaint or notify the Court that he
21  wished to stand on his first amended complaint.
22    **II.    ORDER ON EXTENSION REQUEST**
23        Plaintiff sought a 45-day extension of the deadline for him to respond to the Court's order.
24  (ECF No. 51). Plaintiff stated that he had filed a motion, which had since been fully briefed, in
25  the Northern District of California to reconsider its order transferring certain claims to this
26  district. He asserted that a ruling on the motion could effectively moot this Court's screening
27  order. Additionally, Plaintiff stated that he has a permanent disability impacting his right hand
28  and wrist, which he uses to write, and that he has limited access to the law library, which

conditions have prevented him from researching his response to the Court's screening order. On July 8, 2021, the Court granted the motion, setting a 45-day deadline from the date that Plaintiff was served with the Northern District of California's ruling on the motion for reconsideration. (ECF No. 52).

On July 23, 2021, the Northern District of California denied Plaintiff's motion for reconsideration and further transferred other claims against additional KVSP Defendants Ralph Diaz, Sandra Alfaro, and Connie Gipson, "whom Plaintiff added in the First Amended Complaint alleging they were also involved in the same incidents as the other KVSP defendants." (ECF No. 53, p. 4). Upon review, the new claims suffer the same flaws identified in this Court's screening order.

### III.     CONCLUSION AND ORDER

Accordingly, based on the reasoning in the screening order, and in light of the transfer of the additional claims against Defendants Ralph Diaz, Sandra Alfaro, and Connie Gipson, IT IS ORDERED as follows:

1. The Court's April 30, 2021, screening order (ECF No. 48) is modified to apply equally to the newly transferred claims against Defendants Ralph Diaz, Sandra Alfaro, and Connie Gipson and to include a thirty-page limit for any amended complaint;
2. Within **forty-five (45) days** from the date of service of this order, Plaintiff shall either:
    a. File a second amended complaint no longer than thirty (30) pages; or
    b. Notify the Court in writing that he wants to stand on his first amended complaint;
3. If Plaintiff chooses to file an amended complaint:
    a. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:21-cv-00423-NONE-EPG (PC);
    b. The amended complaint must be a short and plain statement of the claim(s) showing that Plaintiff is entitled to relief, be brought against only the Defendants in this action (including newly added Defendants Ralph Diaz, Sandra Alfaro, and Connie Gipson) and concern events that occurred while Plaintiff was incarcerated at KVSP; and

        c.    The amended complaint must be no longer than thirty pages, including exhibits; and

4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **July 29, 2021**            /s/ *Erica P. Grosjean*
                                                UNITED STATES MAGISTRATE JUDGE