UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>            Plaintiff,<br><br>      v.<br><br>C. PFEIFFER, et al.,<br><br>            Defendants. | No.  1:21-cv-00423-NONE-EPG (PC)<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS, UP TO AND INCLUDING DISMISSAL, SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 55) |

Plaintiff Todd Ashker is a state inmate proceeding *pro se* in this breach-of-contract and civil rights action pursuant to 42 U.S.C. § 1983. Given Plaintiff's failure to comply with the Court's screening order and to prosecute this case, the Court will require Plaintiff to show cause why sanctions, up to and including dismissal, should not issue.

The operative complaint is the first amended complaint (FAC), originally filed September 2, 2020, (ECF No. 43),[1] which was transferred to this district on March 15, 2021 from the Northern District of California. (ECF Nos. 37, 38). While the FAC contains allegations arising from two prisons, Pelican Bay State Prison (PBSP) and Kern Valley State Prison (KVSP), the Northern District of California initially transferred claims concerning Plaintiff's treatment by Defendants Warden C. Pfeiffer, Sgt. A. Alafa, Officer Hightower, Officer Manuel Ortiz, Captain Hammer, Lt. Speidel, and Associate Warden Stebbins, who are prison officials at KVSP, after

---

[1] A redacted copy of the first amended complaint has been filed at ECF No. 32.

1

1   Plaintiff filed a class-action lawsuit concerning the conditions at PBSP. (ECF No. 37).

2         The Court screened the FAC on April 30, 2021, finding that it failed to state any
3   cognizable claim. (ECF No. 48). Specifically, the Court noted that the 132-page FAC violated
4   Rule 8 of the Federal Rules of Civil Procedure because it did not include a short and plain
5   statement of a claim but presented an extended chronology of seemingly disparate events and
6   included allegations against defendants who were not before the Court. Moreover, the Court
7   concluded that Plaintiff had misjoined parties under Rule 20 by including many disparate events
8   at different times and places, with matters further being confused by Plaintiff's ambiguous
9   allegations as to what defendant was being sued under which claim.

10        Plaintiff was given a choice on how to proceed. Plaintiff could file an amended complaint
11  if he believed that additional true factual allegations would state cognizable claims. Alternatively,
12  Plaintiff could choose to stand on his complaint subject to the Court issuing findings and
13  recommendations to a district judge consistent with the order. The Court gave him 60 days from
14  the date of service of the order to file a second amended complaint or notify the Court that he
15  wished to stand on his first amended complaint.

16        Plaintiff sought a 45-day extension of the deadline for him to respond to the Court's order.
17  (ECF No. 51). Plaintiff stated that he had filed a motion, which had since been fully briefed, in
18  the Northern District of California to reconsider its order transferring certain claims to this
19  district. He asserted that a ruling on the motion could effectively moot this Court's screening
20  order. Additionally, Plaintiff stated that he has a permanent disability impacting his right hand
21  and wrist, which he uses to write, and that he has limited access to the law library, which
22  conditions have prevented him from researching his response to the Court's screening order. On
23  July 8, 2021, the Court granted the motion, setting a 45-day deadline from the date that Plaintiff
24  was served with the Northern District of California's ruling on the motion for reconsideration.
25  (ECF No. 52).

26        On July 23, 2021, the Northern District of California denied Plaintiff's motion for
27  reconsideration and further transferred other claims against additional KVSP Defendants Ralph
28  Diaz, Sandra Alfaro, and Connie Gipson, "whom Plaintiff added in the First Amended Complaint

alleging they were also involved in the same incidents as the other KVSP defendants." (ECF No. 53, p. 4).

Upon review of the new claims, the Court issued an order on July 29, 2021, modifying the April 30, 2021 screening order, concluding that the new claims suffer the same flaws identified in this Court's initial screening order. (ECF No. 55). The Court directed Plaintiff to, within 45 days of service of the order, either file either a second amended complaint or notify the Court in writing that he wished to stand on his first amended complaint. The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 4). The 45-day deadline in the order has expired, and Plaintiff has not complied with the order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within fourteen (14) days, Plaintiff shall file a written response to this order to show cause (1) stating whether Plaintiff intends to prosecute this action and (2) explaining Plaintiff's failure to comply with the Court's July 29, 2021 order.
2. Alternatively, the Court will discharge this show cause order, if within fourteen (14) days from the date of service of this order, Plaintiff:
    a. Files a second amended complaint no longer than thirty (30) pages; or
    b. Notifies the Court in writing that he wants to stand on his first amended complaint;
3. Plaintiff is cautioned that failure to respond to this order as set forth above may result in this Court issuing findings and recommendations to dismiss this case for failure to comply with a court order and failure to prosecute this action.

IT IS SO ORDERED.

Dated:   **September 21, 2021**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE