UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01611-HBK<br><br>ORDER GRANTING MOTION TO CONSOLIDATE CASES<br><br>(Doc. No. No. 63)<br><br>Case Nos.  1:21-cv-00423-NONE-EPG and 1:21-cv-01611-HBK |

On November 4, 2021, the Northern District of California severed Plaintiff Todd Ashker's claims against Defendants Allison, Prelip, Paris, and Moak and transferred them to this District pursuant to the parties' stipulation and joint motion to transfer these claims.  (Doc. No. 61, *see also* Doc. Nos. 59, 60).  On November 16, 2021, Defendants moved under Federal Rule of Civil Procedure 42 to consolidate this action with Case No. 1:21-cv-00423-NONE-EPG, asserting that the actions involve common questions of fact and noting that the parties agreed in their stipulation that these claims should be litigated in Case No. 1:21-cv-00423-NONE-EPG.[1]  (Doc. No. 63).

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the

---

[1] Because Plaintiff already agreed in the parties' stipulation that these claims should be litigated in Case No. 1:21-cv-00423-NONE-EPG, the Court finds it unnecessary to await any potential opposition to the motion to consolidate.

court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In exercising its discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Here, the Court finds that the above-captioned actions involve the same or similar parties, claims, and questions of fact or law, and that consolidation will avoid unnecessary costs and duplication of proceedings. Thus, good cause exists to grant the motion to consolidate these cases.[2]

Accordingly, it is ORDERED:

1. Defendants' motion to consolidate (Doc. No. 63) is GRANTED;
2. The above-referenced cases shall be consolidated for all purposes, including trial, pursuant to Rule 42(a);
3. The Clerk of the Court is directed to file this order in each of the above-referenced cases;
4. Going forward, the parties and the Clerk of the Court are directed to file documents under only the lead case number. Future captions should indicate the lead case number followed by the member case number as follows:

**Lead Case:**   1:21-cv-00423-NONE-EPG

**Member Case:**   1:21-cv-01611-HBK

Dated:   November 19, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] "Motions to consolidate are considered non-dispositive and are within the pre-trial authority of the magistrate judge." *Jackson v. Berkey*, No. 3:19-cv-06101-BHS-DWC, 2020 WL 1974247, at *2 (W.D. Wash. Apr. 24, 2020).

2