UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>Plaintiff,<br><br>v.<br><br>C. PFEIFFER, et al.,<br><br>Defendants. | No. 1:21-cv-00423-DAD-EPG (PC)<br><br>ORDER ADDRESSING PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 67) |

Plaintiff Todd Ashker is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 16, 2021, the assigned magistrate judge screened plaintiff's second amended complaint and issued findings and recommendations recommending that this case proceed on certain claims against certain defendants, and that all other claims be dismissed. (Doc. No. 62.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 22.) On January 13, 2022, the then-assigned District Judge Jennifer L. Thurston[1] issued an

---

[1] By the order of Chief Judge Kimberly J. Mueller dated February 3, 2022, having considered the equitable division and efficient and economical determination of court business, this case was reassigned to the undersigned for all further proceedings. (Doc. No. 72.)

1

order adopting those findings and recommendations, noting that plaintiff had not filed any objections and that the time "period for filing objections has expired." (Doc. No. 67 at 2.)

On January 18, 2022, the court received plaintiff's objections in the mail, and those objections were filed on the docket in this action that same day. (Doc. No. 67.) Therein, plaintiff states that he received the service copy of the findings and recommendations on December 21, 2021, and he includes a proof of service indicating that he mailed his objections on January 9, 2022. (*Id.* at 1, 7.) Consequently, the undersigned has now reviewed and considered plaintiff's objections, and for the reasons explained below, concludes that plaintiff's objections do not provide a basis for reconsidering the court's order adopting the findings and recommendations and dismissing certain defendants and certain claims.

Plaintiff raises two primary objections. First, plaintiff objects to the magistrate judge's recommendation that his claim for use of excessive force be dismissed to the extent that claim is premised upon force used during the extraction of plaintiff from his cell. (*See* Doc. 62 at 8.) In his objections, plaintiff notes that he specifically alleged that defendants fired gas canisters into his cell and sprayed a can of pepper spray directly at plaintiff's head area, all while plaintiff was lying passively on his bed. (Doc. No. 67 at 2.) Then, according to plaintiff, guards entered his cell in full riot gear, landed on top of plaintiff with a large plastic shield, and placed plaintiff in handcuffs and leg shackles before using a wheelchair to move plaintiff to another location. (*Id.*) Plaintiff argues this use of force was "unnecessary" under the circumstances because plaintiff previously told guards that, while he was not going to "willingly" comply with orders to move to another cellblock, he also was not going to physically resist them. (Doc. 67 at 2; *see also* Doc. 57 at 11.) The cases cited by plaintiff are distinguishable and do not call into question the reasoning of the findings and recommendations. Importantly, relevant caselaw indicates that the use of tear gas after adequate warnings were given to a prisoner who refuses to move locations may be "a legitimate means for preventing small disturbances from becoming dangerous to other inmates or the prison personnel." *Spain v Procunier*, 600 F.2d 189, 195 (9th Cir. 1979); *see also Gaddy v. Solis*, No. 11-cv-5568-PJH-PR, 2013 WL 5202590, at *4 (N.D. Cal. Sep. 16, 2013) (deployment

/////

1  of two pepper spray grenades during a cell extraction was not an Eighth Amendment violation
2  where prisoner was not cooperating with orders to leave his cell).

3  Second, plaintiff objects to the magistrate judge's recommendation that his claim for
4  violation of a separate class action settlement in *Ashker v. Newsom*, No. 4:09-cv-5796 (N.D. Cal.),
5  be dismissed.  (Doc. 67 at 3–5.)  As noted by the magistrate judge, however, plaintiff's claim for
6  breach of the settlement agreement in that action was dismissed previously by the district court in
7  the Northern District of California in the context of yet another *pro se* individual action brought
8  by plaintiff.  (Doc. 62 at 3, 18.)  That dismissal was without prejudice to plaintiff bringing such
9  claims in the class action through counsel.  (*Id.*)  Thus, here too, plaintiff's objections do not
10 meaningfully call into question the magistrate judge's reasoning.

11 In sum, plaintiff's objections, which have now been fully considered by the court, do not
12 provide any basis upon which to vacate the court's order adopting the findings and
13 recommendations and dismissing certain defendants and claims (Doc. No. 62), or to that the
14 analysis therein was not proper and supported by the record.

15 Accordingly, this case is referred back to the magistrate judge for further proceedings
16 consistent with the court's order of January 12, 2022.  (Doc. No. 62).

17 IT IS SO ORDERED.

18 Dated:   **May 3, 2022**

19                                         UNITED STATES DISTRICT JUDGE

3