UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>    Plaintiff,<br><br>v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00423-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY STAY OF CASE<br><br>(ECF No. 85) |

Todd Ashker ("Plaintiff") is a state inmate proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to temporarily stay this case pending resolution of related claim(s) in Ashker v. Newsom ("Ashker I"), N.D. CA, Case No. 4:09-05796. (ECF No. 85). For the reasons that follow, the Court will deny Plaintiff's motion.

**I.  PLAINTIFF'S MOTION**

On September 1, 2022, Plaintiff filed a motion to temporarily stay this case pending resolution of related claim(s) in Ashker I. (ECF No. 85).

Plaintiff argues that the case should be stayed because:

(1) The resolution of the related claim(s) in the class action case may have a clear and substantial impact on a key part of the case at bar; thereby, simplifying many parts of the case at bar relating to: appointment of counsel, discovery, dispositive motions, settlement, and trial.  (2) Absent a stay, plaintiff faces the real threat of serious harm to both-the class action pending anti-retaliation ruling, and related

1

> claim(s) in this case: e.g., conflicting ruling(s) on key fact & law issues; and, the extreme disadvantage(s) associated with plaintiff's pro-se prisoner status – inclusive of restrictive solitary confinement conditions [incl. of lack of adequate law – library permanent disability; inability to contact and communicate confidentially with inmate potential witnesses-whom have very real concerns about subjection to targeted retaliation in response to their willingness to provide plaintiff with information/evidence; and, potential for defs' counsel to attempt to take advantage of plt's lack of counsel].  The motion awaiting a ruling by the class action case Magistrate has been fully briefed and submitted for a ruling since May 9, 2022 (also pending a ruling is plts' request for relief from CDCR defs' over-redactions of thousands of pages of key documents, deposition transcripts related to claim(s) at issue in the pending motion); AND is the culmination of plt's class action LEGAL TEAM of attorneys (5½ yrs) ofbattling over discovery, A ruling will be forthcoming at any time in the near future.  (3) The lack of prejudice/harm to defendants from the requested temporary stay; and, (4) The Court has inherent authority to stay these proceedings and should exercise that discretionary authority in this case, given the limited nature of the stay requested, and interest of judicial economy & orderly course of justice measured in terms of simplifying the issues of fact, proof, and questions of law, expected to result from the stay.

(ECF No. 85, pgs. 1-2) (errors and alteration in original).

Plaintiff alleges that this action is proceeding on claims that California Department of Corrections and Rehabilitation ("CDCR") defendants violated his First, Eighth, and Fourteenth Amendment rights by subjecting him to retaliation in response to his role in Ashker I, as well as the related prisoner hunger strike actions.  Plaintiff alleges that after he was released from solitary confinement, he arrived at Kern Valley State Prison and was placed in General Population. However, in 2017 he was placed and retained in Administrative Segregation.

Plaintiff further alleges that a core part of this case involves Plaintiff's placement in Administrative Segregation from May 2017 through the present.  This same issue has been the subject of a five-and-a-half-year legal challenge by Plaintiff's legal team in Ashker I as a violation of the settlement agreement's anti-retaliation clause.  They are also waiting for a ruling on their challenge to the over-redactions of thousands of pages evidence, many of which are key evidence supporting Plaintiff's anti-retaliation clause motion and related claims in this case.

Plaintiff does not want to proceed with discovery in this case, where he does not have the assistance of counsel, prior to the resolution of the same issues in Ashker I.  If this case is not stayed, there may be conflicting rulings regarding key points of facts and law, Plaintiff will not

have the ability to obtain and review key evidence supporting his claims due to Defendants' claims of confidentiality, and Defendants may attempt to seek a tactical advantage due to Plaintiff not having counsel in this action. Plaintiff also argues that the resolution of the issues in the class action will potentially provide strong support for the appointment of counsel in this case.

## II.  DEFENDANTS' PURPORTED STATEMENT OF NON-OPPOSITION

On September 19, 2022, Defendants filed what is titled a statement of non-opposition. (ECF No. 87). However, Defendants' request relief that is beyond the scope of the stay and thus they do not agree to the relief as requested by Plaintiff. Instead, Defendants assert that Plaintiff's motion in Ashker I has been denied. "Class counsel has filed a motion for *de novo* determination of that order, which is pending. Regardless of the eventual outcome of the *de novo* motion, there may also be potential appellate proceedings." (Id. at 2) (citation omitted). Thus, Defendants argue that the stay will likely not be short, and they ask that Plaintiff "be precluded from seeking damages for the, perhaps lengthy, period of time the stay is in place." (Id.).

## III.  ANALYSIS

District courts have broad discretion in deciding whether to stay a case. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that a stay is appropriate. Clinton v. Jones, 520 U.S. 681, 708 (1997). In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55).

First, it appears that the motions Plaintiff identified as a reason to stay this case have already been resolved. Ashker I, ECF No. 1695. Moreover, Plaintiff does not ask that this case

\\\

be stayed pending resolution of motion(s) for reconsideration and potential appeal(s).[1]  Thus, Plaintiff's motion is moot.

Second, applying the relevant factors to this case, the Court finds that Plaintiff's motion should be denied.  Based on the evidence presented by Plaintiff, it does not appear that Plaintiff will suffer a serious hardship if this case is allowed to proceed at this time.  Additionally, Plaintiff has not sufficiently shown that a stay will help with the orderly course of justice, and the Court sees no benefit in staying the case at this time.  Moreover, the Court finds that there will be at least some damage if the case is stayed.  The complaint commencing this action was filed on October 17, 2018.  (ECF No. 1).  Thus, the case is already almost four years old, and discovery has not even begun.  If the Court were to stay the case pending motions for reconsideration and potential appeals in Ashker I, it could be years before the Court opens discovery and schedules this case.

Finally, the Court notes that if Plaintiff does not want to prosecute this case at this time, he may enter into a stipulation with Defendants to voluntarily dismiss this action or file a motion to voluntarily dismiss this action.[2]

Based on the foregoing, IT IS ORDERED that Plaintiff's motion to temporarily stay this case is denied.  The Court will, in due course, issue a scheduling order in this action.

IT IS SO ORDERED.

Dated:  **October 3, 2022**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff only asks for a short stay of this case, while resolution of motions for reconsideration and potential appeals could take years.

[2] The Court takes no position on whether any claims would be barred by the statute of limitations if Plaintiff dismisses and then refiles this action.