UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, | Case No. 1:21-cv-00423-ADA-EPG (PC) |
| Plaintiff, | SCHEDULING ORDER |
| | Exhaustion Motions: **January 6, 2023** |
| v. | Motions to Compel: **March 3, 2023** |
| | Report Re: Settlement Conference: **April 21, 2023** |
| C. PFEIFFER, et al., | Non-expert Discovery: **June 2, 2023** |
| Defendant(s). | Dispositive Motions: **July 7, 2023** |

This Court now sets a schedule for this action through the filing of dispositive motions.

## I.    DISCOVERY PROCEDURES

Discovery is now open and the parties are granted leave to serve discovery requests.

Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

1.   The parties may take the following types of discovery from other parties:

   a.   Interrogatories (an interrogatory is a written question or request for information and "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2));

   b.   Requests for Production (a request for production is a written request that the opposing party produce documents or electronically stored information, "including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations," or a written request that the opposing party produce any designated tangible things. Fed. R. Civ. P.

1

34(a)(1));

   c.  Requests for Admissions (a request for admission is a written request that the opposing party "admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to "(A) facts, the application of law to fact, or opinions about either; [or] (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1)); and

   d.  Depositions (a deposition is where one party (or that party's counsel) questions someone under oath, and a court reporter is present to record the proceedings).[1]

      1.  Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose any witness confined in a prison on the condition that, at least fourteen (14) days before such a deposition, Defendant(s) serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).  Plaintiff's failure to participate in a properly noticed deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of this case.  Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court.

      2.  If Plaintiff wishes to take a deposition, Plaintiff must file a motion requesting permission to do so, specifically showing the ability to comply with the applicable Federal Rules of Civil Procedure by providing the name of the person to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of that cost.  Plaintiff bears the

---

[1] "Instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer.  The officer must ask the deponent those questions and record the answers verbatim."  Fed. R. Civ. P. 30(c)(3).

1          responsibility to pay the costs of the deposition, including the cost

2          of copies of deposition transcript(s).[2]

3    2.   A party may serve on any other party no more than 15 interrogatories, 15 requests for

4          production of documents, and 15 requests for admission.  If a party wishes to serve

5          additional discovery requests, that party may file a motion for additional discovery

6          requests with the Court, explaining why additional discovery requests are necessary.

7    3.   Discovery requests and responses should be sent to the opposing part(ies), or their

8          counsel if represented.  They should not be filed with the Court.

9    4.   Responses to written discovery requests shall be due **forty-five (45) days** after the

10         request is first served.  Boilerplate objections are disfavored and may be summarily

11         overruled by the Court.  Responses to document requests shall include all documents

12         within a party's possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  Documents

13         are deemed to be within a party's possession, custody, or control if the party has actual

14         possession, custody, or control thereof, or the legal right to obtain the property on

15         demand.  If Defendant(s) cannot obtain documents from Plaintiff's institution(s) of

16         confinement, Defendant(s) shall clearly respond that a third party subpoena will be

17         necessary to obtain documents from Plaintiff's institution(s) of confinement.

18    5.   If any party or third party withholds a document on the basis of privilege, that party or

19         third party shall provide a privilege log to the requesting party identifying the date,

20         author, recipients, general subject matter, and basis of the privilege within thirty (30)

21         days after the date that responses are due.  Failure to provide a privilege log within this

22         time shall result in a waiver of the privilege.  Additionally, if a party is claiming a

23         right to withhold witness statements and/or evidence gathered from investigation(s)

24         into the incident(s) at issue in the complaint based on the official information privilege

25         or confidentiality, the withholding party shall submit the withheld witness statements

26         and/or evidence to the Court for *in camera* review, along with an explanation of why

27

28

---

[2] The Court may request input from Plaintiff's institution of confinement to determine if the deposition(s) can proceed in a safe and secure manner before ruling on a motion for a deposition.

the witness statements and/or evidence should be withheld.[3]  The witness statements and/or evidence shall be Bates stamped, and mailed to Judge Grosjean at 2500 Tulare Street, Sixth Floor, Fresno, CA 93721.  The withholding party shall also file and serve a notice that they have complied with this order.  All other claims of privilege may be challenged via a motion to compel.

6.   If Plaintiff seeks documents from someone who is not a party in this case, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court.  In any request for a subpoena, Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party.  If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service.  Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d).  As Defendant(s) have indicated that a subpoena *duces tecum* may be necessary to obtain relevant documents from the California Department of Corrections and Rehabilitation ("CDCR") (ECF No. 81, p. 4), Plaintiff may file a request for the issuance of a subpoena *duces tecum* for documents in the possession, custody, or control of the CDCR without first requesting those documents from Defendant(s).

---

[3] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure. . . ."  *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted).  The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege.  *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.* 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information.  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.") (citations omitted).

7.   The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

8.   The parties have until **March 3, 2023**, to file motion(s) to compel further discovery responses.  The motion(s) should include a copy of the request(s) and any response to the request(s) at issue.  The responding party may file a response to the motion no later than twenty-one days from the date the motion is filed.  If, after reviewing the motion(s) and response(s), the Court determines that a hearing will be helpful, the Court will set a hearing on the motion(s) to compel.

## II.   PAGE LIMITS AND COURTESY COPIES

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[4] *all* moving and opposition briefs or legal memoranda shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limits do not include exhibits.

Defendant(s) shall mail or deliver courtesy hard-copies of all motions over 10 pages in length to the court at 2500 Tulare St., Room 1501, Fresno, CA 93721.  Courtesy hard-copies shall reflect the CM/ECF document numbers and pagination.

## III.   NON-EXPERT DISCOVERY DEADLINE

The deadline for the completion of all non-expert discovery is **June 2, 2023**.

## IV.   EXHAUSTION MOTION DEADLINE

The deadline for Defendant(s) to present any challenge for failure to exhaust administrative remedies is **January 6, 2023**.[5]  Failure to raise the exhaustion defense by this deadline will result in waiver of the defense.  *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (providing that the exhaustion question should be decided as early as feasible).

\\\

---

[4] Parties may seek leave by filing a short motion.
[5] If Defendant(s) need an extension of this deadline, Defendant(s) shall file a motion requesting an extension of this deadline.

**V.      DISPOSITIVE MOTIONS DEADLINE**

The deadline for filing dispositive motions, including motions for summary judgment (other than dispositive motions based on the defense of failure to exhaust administrative remedies), is **July 7, 2023**.  The deadline to file oppositions to dispositive motions, including motions for summary judgment, is thirty days from the date the motion is filed.  The deadline to file replies to oppositions is fourteen days from the date the opposition is filed.  If a party needs an extension of any of these deadlines, that party may file a motion for an extension of time.[6]

If Defendant(s) file a motion for summary judgment, Defendant(s) shall simultaneously provide Plaintiff with the notice and warning required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

**VI.      SETTLEMENT CONFERENCE**

The Court is not setting a settlement conference at this time.  Defendant(s) shall confer with Plaintiff,[7] and no later than **April 21, 2023**, shall file a report indicating each party's position on whether a settlement conference would be productive.[8]

**VII.      FURTHER DATES AND DEADLINES**

If this case is still proceeding after dispositive motions have been resolved, or if no dispositive motions are filed, the Court will set expert disclosure deadlines,[9] a pretrial conference, pretrial deadlines, and a trial date.

**VIII.      EFFECT OF THIS ORDER**

This order represents the Court's best estimated schedule through dispositive motions. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

***The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed***.

---

[6] If Plaintiff requests an extension due to a lack of law library access, he should attach his request for law library access and/or paging services, as well as the institution's response to his request (if any), to his motion for an extension of time.

[7] The parties may confer by letter.

[8] If the Court sets a settlement conference, the parties may request an extension of any remaining deadlines.

[9] While the Court is not setting a deadline for expert disclosures at this time, the parties may provide their expert disclosures at any time.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **October 3, 2022**               /s/ Erica P. Grosjean
                                    _____
                                    UNITED STATES MAGISTRATE JUDGE