UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>    Plaintiff,<br><br>v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00423-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING COURT TO ORDER OFFICIAL(S) AT CORCORAN STATE PRISON TO GRANT PLAINTIFF PLU STATUS<br><br>(ECF No. 93) |

    Todd Ashker ("Plaintiff") is a state inmate proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On October 25, 2022, Plaintiff filed a motion requesting that the Court order officials(s) at Corcoran State Prison to grant him Privileged Legal User ("PLU") status through July 7, 2023. (ECF No. 93). Plaintiff alleges that he can only access the law library if he is given PLU status, and he is only granted PLU status if he has a court-ordered deadline within thirty days. Plaintiff alleges that while he currently has no such deadline, he needs access to the law library now so he can do research, including on the cites in the scheduling order and on issues related to discovery. Additionally, while his institution of confinement claims that inmates can receive paged copies of cases via institutional mail, Plaintiff has personally requested case citations via this process but has never received anything back in response.

    The Court will deny Plaintiff's motion. Plaintiff appears to be asking this Court to grant him a blanket exception to Corcoran State Prison's current policy regarding law library access.

The Court declines to do so. Turner v. Safley, 482 U.S. 78, 84-85 ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have … additional reason to accord deference to the appropriate prison authorities.") (citation omitted); Bell v. Wolfish, 441 U.S. 520, 547 (1979) ("[T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

This case is not proceeding on a claim based on lack of access to the courts or the law library. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Moreover, Plaintiff has not sufficiently shown that the alleged policy is impeding his ability to litigate this action. Plaintiff was recently able to make several filings, including a motion to stay (ECF 85), a reply in support of his motion to stay (ECF No. 89), his scheduling and discovery statement (ECF No. 86), and the current motion (ECF No. 93). At least some of these filings include legal citations. Moreover, Plaintiff states that he requested PLU status on October 12, 2022, but Plaintiff filed this motion without waiting to receive the response. (ECF No. 93, p. 3). Finally, Plaintiff has not sufficiently shown that he will be unable to meet any particular deadline in this case.

Therefore, the Court sees no reason to act at this time. Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) ("[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear.") (citations and internal quotation marks omitted). If, as the case proceeds, Plaintiff is

2

unable to meet a specific deadline, Plaintiff may file a motion for an extension of that deadline or for other relief.[1]

Accordingly, IT IS ORDERED that Plaintiff's motion (ECF No. 93) is DENIED.

IT IS SO ORDERED.

Dated: **October 26, 2022**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff requests an extension due to a lack of law library access, he should attach his request for law library access and/or paging services, as well as the institution's response to his request (if any), to his motion for an extension of time.