UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER,<br><br>    Plaintiff,<br><br>v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00423-ADA-EPG (PC)<br><br>ORDER (1) DENYING MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF WITHOUT PREJUDICE; (2) DENYING PLAINTIFF'S MOTION TO APPOINT PRO BONO COUNSEL WITHOUT PREJUDICE; (3) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; (4) GRANTING MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF; AND (5) REQUIRING DEFENDANTS TO FILE ORDER UNDER SEAL.<br><br>(ECF Nos. 115, 117, 121). |

Plaintiff Todd Ashker is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter is now before the Court on four motions (1) a motion by the class in *Ashker v. Governor*, Case No. 4:09-cv-05796-CW (N.D. Cal.) for leave to file an amicus curiae brief in support of Plaintiff's opposition to Defendants' motion for summary judgment; Plaintiff's combined motion requesting (2) the appointment of pro bono counsel and (3) an extension of time to file his opposition to Defendants' motion for summary judgment; and (4) the class's motion for leave to file a reply in support of their motion for leave to file an amicus

1    brief. (ECF Nos. 115, 117, 121).

2        Upon review of the motions and briefing, the Court will (1) deny the motion for leave for

3    leave to file an amicus curiae brief without prejudice; (2) deny Plaintiff's motion to appoint pro

4    bono counsel; (3) grant one final extension of time for Plaintiff to file an opposition to

5    Defendants' motion for summary judgment; and (4) grant the class's motion for leave to file a

6    reply in support of their motion for leave to file an amicus brief. Additionally, the Court will

7    direct Defendants to file an order from *Ashker v. Governor*, Case No. 4:09-cv-05796-CW (N.D.

8    Cal.) **under seal**.

9        **I.    MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**

10       On May 5, 2023, Defendants moved for summary judgment based on Plaintiff's alleged

11   failure to exhaust available administrative remedies for most of his claims. (ECF No. 105).

12   Plaintiff has yet to file an opposition brief, despite two extensions, and now seeks another

13   extension to do so, which request will be addressed later in this order. (ECF No. 117).

14       The class in *Ashker v. Governor*, Case No. 4:09-cv-05796-CW (N.D. Cal.) (referred to as

15   "the class action" going forward) which litigated the long-term confinement of inmates (including

16   Plaintiff) in secure housing units (SHU), now move for leave to file an amicus brief in support of

17   Plaintiff's upcoming opposition to Defendants' motion for summary judgment. (ECF No. 115);

18   *see Ashker v. Brown*, No. C 09-5796 CW, 2013 WL 1435148, at *1 (N.D. Cal. Apr. 9, 2013)

19   (providing background regarding class action allegations). According to the motion, the "class

20   action resulted in a Settlement Agreement in 2015 which changed CDCR's SHU policies and

21   practices and, *inter alia*, prohibited retaliation against the named plaintiffs and class members."

22   (ECF No. 115, p. 2). And the presiding District Judge issued an order on January 5, 2023, finding

23   "that CDCR officials had retaliated against Todd Ashker." (*Id.*).

24       The class states that it "can offer this Court information, documentation, and context that

25   will assist it in deciding the pending summary judgment motion." (*Id.* at 3). Specifically, it states

26   that the District Judge in the class action "made legal and factual findings directly related to the

27   present action, including Mr. Ashker's administrative exhaustion of his retaliation claims," and

28   that Plaintiff does not have access to sealed filings in the class action and thus cannot provide

1  them. If permitted to file an amicus brief, the class will "specifically address Defendants'
2  allegations of non-exhaustion of administrative remedies." (*Id.*).

3  Defendants oppose the motion. (ECF No. 119). They argue that leave should be denied
4  because the class seeks to advocate on Plaintiff's behalf, which is not the role of amicus curiae.
5  Further, Defendants state that, in the "class action, there is no administrative exhaustion
6  requirement for retaliation claims brought under the parties' class-action settlement agreement,
7  which can only be made for injunctive relief." (*Id.* at 3). Thus, "no exhaustion evidence was
8  presented or considered," and nothing in the District Judge's retaliation order "touches upon
9  administrative exhaustion." (*Id.* at 2-3). Defendants state that they are willing to provide a copy of
10 the order "for the Court's *in camera* review for the purpose of confirming that it has no legal or
11 factual bearing on the administrative exhaustion issue in this case." (*Id.* at 3 n. 1). Lastly,
12 Defendants argue that the exhaustion issue in the motion for summary judgment does not warrant
13 amicus briefing, which would only serve to confuse the issues and prolong the litigation.

14 The class has filed a motion for leave to file a reply, including the proposed reply in the
15 motion. (ECF No. 121). The Court will grant this motion and has considered the reply, which
16 argues that amicus curiae do not have to be disinterested; that they are not seeking to advocate for
17 Plaintiff but desire "to further the class's interests in preventing and remedying retaliation against
18 any class member, and in fostering consistency with and full consideration of the District Court's
19 rulings in [the class action]"; that while administration exhaustion was not directly at issue in the
20 class action, the District Judge made "findings about retaliation Mr. Ashker suffered because of
21 his submission of grievances against staff, which is highly relevant to the exhaustion analysis";
22 and that, while Defendants have offered to provide the relevant class action order, "they cannot be
23 relied upon, given their adversarial position, to inform the Court of other relevant material that is
24 under seal, or to provide context from any perspective other than CDCR's." (*Id.* at 2-4).

25 There is no Federal Rule of Civil Procedure that provides for the filing of "an amicus brief
26 . . . in district court[]" and so district courts "rely on Federal Rule of Appellate Procedure 29 in
27 addressing such requests." *Earth Island Inst. v. Nash*, No. 119CV01420DADSAB, 2019 WL
28 6790682, at *1 (E.D. Cal. Dec. 12, 2019). Among other things, Rule 29 permits amicus briefing

3

1   "only by leave of court or if the brief states that all parties have consented to its filing." Fed. R.
2   App. P. 29(a)(2). Moreover, the motion must (1) disclose "the movant's interest" and (2) state
3   "the reason why an amicus brief is desirable and why the matters asserted are relevant to the
4   disposition of the case." Fed. R. App. P. 29(a)(3)."[A]n appellate court will not reverse absent
5   abuse of discretion" a decision regarding the allowance of amicus briefing. *California v. United*
6   *States Dep't of Lab.*, No. 2:13-CV-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan.
7   14, 2014).

8       "[A]n amicus curiae does not represent the parties, but participates solely for the benefit of
9   the court." *Barnes-Wallace v. Boy Scouts of Am.*, No. 00CV1726-J (AJB), 2004 WL 7334945, at
10   *1 (S.D. Cal. Mar. 23, 2004). However, an amicus curiae need not be totally disinterested; rather,
11   "[t]he touchstone is whether the amicus is helpful." *California*, 2014 WL 12691095, at *1.
12   "Amicus briefs are frequently welcome . . . concerning legal issues that have potential
13   ramifications beyond the parties directly involved or if the amicus has unique information or
14   perspective that can help the court beyond the help that the lawyers for the parties are able to
15   provide." *Id.* (internal citation and quotation marks omitted). "In the absence of exceptional
16   circumstances, . . . [a court will] not address issues raised only in an amicus brief." *Artichoke*
17   *Joe's California Grand Casino v. Norton*, 353 F.3d 712, 719 n. 10 (9th Cir. 2003).

18       With these standards in mind, the Court turns to the class's motion. As an initial matter,
19   the Court is concerned that the class seeks to improperly advocate in favor of Plaintiff without
20   acting as his counsel with all the duties and responsibilities that come with such representation.
21   While the class asserts a broad interest in preventing retaliation consistent with the class action,
22   the claims proceeding in this case are Plaintiff's alone, with the limited issue at present being
23   whether Plaintiff properly exhausted available administrative remedies. Further, this is an issue
24   that the class concedes was not directly addressed in the recent order in the class action case. In
25   the Court's view, Plaintiff's success or failure at summary judgment is almost entirely an
26   individual interest. Rather than represent Plaintiff and take on the role of his counsel, the class
27   desires to file a brief that makes arguments and presents evidence in support of Plaintiff's
28   opposition to the motion for summary judgment. In short, the Court believes this would be the

1  role for Plaintiff's attorney, not amicus curiae.

2  Relatedly, the question of whether Plaintiff properly exhausted available administrative
3  remedies is an individualized determination with mostly settled legal standards. Accordingly, the
4  issues are not so complex as to make this case exceptional to permit amicus briefing. While the
5  class states that it can provide a copy of the recent class action order, Defendants have offered to
6  provide it to the Court. And the Court will order Defendants to file the order under seal. The
7  Court acknowledges the class's contention that Defendants will, naturally, not offer argument on
8  Plaintiff's behalf about the relevance of the class action order. However, for the reasons given
9  above, it is also not appropriate for the class, through amicus briefing, to advocate for Plaintiff.

10 Accordingly, the Court will deny the motion for leave to file an amicus brief in support of
11 Plaintiff's opposition to the motion for summary judgment. However, this decision is without
12 prejudice to the class filing a new motion for leave at another stage of the litigation. This decision
13 relates only to the filing of an amicus brief regarding the pending motion for summary judgment,
14 which concerns the individualized determination of whether Plaintiff exhausted his available
15 administrative remedies. Without deciding the issue, it is possible that later issues in the litigation
16 could benefit from amicus briefing.

17 **II.   MOTION FOR LEAVE TO APPOINT PRO BONO COUNSEL**

18 Plaintiff moves for the appointment of pro bono counsel, asserting that the issues of this
19 case are complex and counsel is needed based on Defendants' refusal to provide him certain
20 discovery that he needs to oppose the motion for summary judgment. (ECF No. 117). Defendants
21 have filed an opposition to the motion, arguing that the issues are not complex; that Plaintiff has
22 failed to indicate what specific documents he needs, but does not have, to oppose the motion for
23 summary judgment; and that Plaintiff is a seasoned litigator who is more than capable of litigating
24 this case himself, noting another case where "Plaintiff was awarded over $4,000 in costs and fees,
25 including costs spent obtaining the services of a physician and paying an attorney whom the court
26 determined functioned as a paralegal *for* Plaintiff." (ECF No. 118, p. 3).

27 Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent an
28 indigent party in a civil case. However, the appointment of counsel in a civil case is not a

constitutional right, and the Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances. *Rand*, 113 F.3d at 1525. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has reviewed the record in this case, and at this time, is unable to determine that Plaintiff is likely to succeed on the merits of his claims. As for Plaintiff's ability to articulate his claims, the Court notes that Plaintiff has been able to articulate his claims and arguments sufficiently thus far in this case, and the issue of exhaustion, as discussed above, is not particularly complex. Accordingly, the Court will deny Plaintiff's motion to appoint pro bono counsel without prejudice.

### III. MOTION FOR EXTENSION OF TIME

Plaintiff also motion moves for an extension of the time to file an opposition to Defendants motion for summary judgment. (ECF No. 117). Defendants have filed a response, stating that they do not oppose this request, but ask that the extension be no longer than thirty days. (ECF No. 118).

Defendants' motion for summary judgment was filed on May 5, 2023, with the Court already granting Plaintiff two extensions to file an opposition, with the latest order setting a deadline of July 24, 2023, for him to file his opposition. (ECF No. 114; *see* ECF Nos. 105, 108, 109, 113). The Court's latest order stated that, "[i]f Plaintiff needs additional time beyond this deadline, he may file a motion explaining what discovery he needs and what he has done to diligently seek that discovery." (ECF No. 114).

In his current motion, Plaintiff references needing identifying information about fellow inmates concerning alleged issues they faced regarding administrative appeals—calling such

1   documents "KVSP ASU Administrative Records – containing similarly situated KVSP ASU-2,
2   inmates' names, cells-housed in, and CDCR #s of witnesses Plaintiff knows will have
3   information, document(s), and be willing to provide Plaintiff with declaration(s) – incorporating
4   evidence, . . . necessary to support" his opposition to the pending motion for summary judgment.
5   (ECF No. 117, p. 3 – minor alterations for readability). Although Plaintiff states that he needs this
6   information, which presumably relates to the availability of administrative remedies at his prison,
7   he does not specifically explain how the issues that other inmates allegedly faced will help show
8   that he properly exhausted available administrative remedies.

9   Plaintiff also references his earlier filings, stating that they mention some discovery
10  requests containing information that he needs. (*See* ECF No. 108, 111, 113). Generally, these
11  documents mention information related to the class action case and Plaintiff's requests for
12  production of documents. He asserts that Defendants' discovery responses have been
13  unsatisfactory. Although Plaintiff generally indicates that there is outstanding discovery that
14  Defendants have not provided, he does not point to a specific request or response in this motion
15  nor explain why it is deficient. Rather, Plaintiff improperly tries to incorporate by reference his
16  previous filings', which reference a wide range of documents with a questionable bearing on
17  exhaustion, *e.g.*, all documents relating to his March 20, 2017 cell-extraction at KVSP, all
18  documents related to a memo concerning a security/welfare check procedure, and all documents
19  relating to Pelican Bay State Prison Lieutenant Frisk charging and/or finding him guilty of
20  leading a mass disturbance. (ECF No. 111, p. 13). This is not specific enough for the Court to
21  determine that there is information Plaintiff needs to oppose summary judgment.

22  Moreover, Plaintiff has filed no motion to compel, and the deadline to do so expired on
23  July 5, 2023. (ECF No. 99).

24  Moreover, to the extent that Plaintiff seeks the recent order from the class action case, it is
25  sealed and Plaintiff has failed to show why it should be made available to him. However, the
26  Court is ordering Defendants to file the order under seal. As mentioned above, the limited issue
27  on summary judgment is Plaintiff's exhaustion of his available administrative remedies. Including
28  attached evidence, such as appeal documents, Defendants' motion for summary judgment is over

350 pages, was provided to Plaintiff, and presumably includes much of the key evidence at issue in this case.

In short, Plaintiff has failed to show good cause for a further extension of time to oppose the motion for summary judgment. As the Court has noted in response to prior requests to extend or stay deadlines in this case, Plaintiff has filed this lawsuit and must diligently pursue it. However, given Plaintiff's *pro se* status and the fact that Defendants do not oppose another extension, the Court will grant Plaintiff a final thirty-day extension to file his opposition to the motion for summary judgment. The Court notes that, at the end of this new deadline, Plaintiff will have had close to four months to respond to the motion for summary judgment filed on May 5, 2023.

### IV.     CONCLUSION AND ORDER

Based on the above, IT IS ORDERED as follows:

1. The class's motion for leave for leave to file an amicus curiae brief (ECF No. 115) is denied without prejudice.
2. Plaintiff's motion to appoint pro bono counsel (ECF No. 117) is denied without prejudice.
3. Plaintiff's motion for extension of time to file an opposition to Defendants' motion for summary judgment (ECF No. 117) is granted.
   a. Within thirty (30) days of the date of service of this order, Plaintiff shall file an opposition to Defendants' motion for summary judgment.
   b. **No further extensions will be given to Plaintiff to file an opposition to Defendants' motion for summary judgment**.
4. The class's motion for leave to file a reply in support of the motion for leave to file an amicus brief (ECF No. 121) is granted.

\\\
\\\
\\\
\\\
\\\

5.  Defendants shall file **under seal**, by no later than August 8, 2023, the recent class action order mentioned in their opposition brief. (ECF No. 119, p. 3 n. 1).

IT IS SO ORDERED.

Dated:   **August 1, 2023**            /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE